IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DION ALEXANDER, | * | |
| Petitioner, | * | |
| | | Civ. Action No. RDB-19-1448 |
| v. | * | Crim. Action No. RDB-16-0364 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In 2018, *pro se* Petitioner Dion Alexander ("Petitioner" or "Alexander") pled guilty to one count of conspiracy to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C. § 846. (Plea Agreement, ECF No. 320.) This Court sentenced Petitioner to 108 months of imprisonment, consistent with his agreement with the Government pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Judgment, ECF No. 379; Plea Agreement ECF No. 320.) Petitioner's conviction was affirmed on appeal to the United States Court of Appeals for the Fourth Circuit on February 28, 2020. *United States v. Alexander*, 795 F. App'x 220 (Mem.) (4th Cir. Feb. 28, 2020).

Currently pending before this Court is Alexander's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 443.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 443) is DENIED.

**BACKGROUND**

On September 13, 2016, Petitioner Alexander, along with thirteen other individuals, was charged in a second superseding indictment with one count of conspiracy to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C. § 846 (Count I) and one count of possession with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count VIII).  (Second Superseding Indictment, ECF No. 75.)  On February 22, 2018, pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Alexander pled guilty to Count I and pled not guilty to Count VIII.  (Plea Agreement, ECF No. 320.)  On May 23, 2018, this Court sentenced Alexander to 108 months of imprisonment and three years of supervised release.  (Judgment, ECF No. 379.)

Petitioner appealed this Court's decision to the United States Court of Appeals for the Fourth Circuit.  (ECF No. 419).  On May 16, 2019, pending his appeal, Petitioner filed the instant Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, asserting a claim for ineffective assistance of counsel. (ECF No. 443.)  On May 23, 2019, this Court directed Petitioner to supplement his Section 2255 Motion to determine whether extraordinary circumstances warranted this Court's consideration of Petitioner's Section 2255 Motion before the Fourth Circuit rendered its decision.  (ECF No. 444.)  Alexander supplemented his Motion, explaining that it was unclear whether his direct appeal, filed some six months after final judgment, would be deemed properly filed because it was not filed in accordance with Federal Rule of Appellate Procedure 4(b).  (ECF No. 445 at 2.)  On June 12, 2019, in light of the possibility that Alexander may not have had a properly-filed direct appeal pending, this Court stayed and held in abeyance Alexander's Section 2255 Motion pending resolution of his

direct appeal. (ECF No. 446.) The Fourth Circuit affirmed Alexander's conviction on February 28, 2020. *United States v. Alexander*, 795 F. App'x 220 (Mem.) (4th Cir. Feb. 28, 2020). Alexander's appeal having now been resolved, this Court addresses his Section 2255 Petition.

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 F. App'x 141, 142 (4th Cir. Oct. 5, 2017) (citing *Erickson* for the proposition that "[p]ro se complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers"). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States,* 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman,* __ U.S. __, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued

3

on direct appeal, [unless] the movant show cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F. 3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

## ANALYSIS

In his Section 2255 Motion, Petitioner asserts that he received ineffective assistance of counsel "[a]s set forth in the attached motion to remand" that was filed in his appeal to the Fourth Circuit. (ECF No. 443 at 5; ECF No. 443-1.) Accordingly, the Court will construe Petitioner's arguments in his attached motion to remand as the bases for his ineffective assistance of counsel claim. Petitioner argues that his trial counsel was ineffective by failing to timely file a notice of appeal and by failing to pursue *coram nobis* relief regarding his previous conviction for a controlled substance offense.

To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F. 3d 488, 500 (4th Cir. 2013) (quoting

*Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697. The Fourth Circuit has noted further that the mere possibility of a different trial result does not satisfy the burden of proving prejudice. *Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986).

None of the bases proffered by Petitioner establish that his counsel was ineffective. Alexander's assertion that his counsel was ineffective for failing to timely file a notice of appeal lacks merit. The Supreme Court has held that an attorney's failure to file an appeal, when requested by his client to do so, constitutes *per se* ineffective assistance of counsel. *See e.g., Jones v. Barnes,* 463 U.S. 745, 751 (1983) (noting that the "fundamental decision" of whether to appeal rests with the defendant); *see also Frazer v. South Carolina,* 430 F.3d 696, 703–05 (4th Cir.2005) (granting petitioner habeas relief due to counsel's failure to file an appeal after a request made by the defendant); *United States v. Peak,* 992 F.2d 39, 42 (4th Cir.1993) (holding that a court must vacate the original judgment and enter a new one from which an appeal can be taken if counsel was requested to appeal and failed to do so). In this case, however, counsel's failure to timely file a notice of appeal obviously did not deprive Alexander of an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 484, 120 S. Ct. 1029, 145 L.Ed.2d 985 (2000) ("[W]hen counsel's constitutionally deficient performance *deprives a defendant of an appeal* that he otherwise would have taken, the defendant has made out successful ineffective assistance of counsel claim entitling him to an appeal" (emphasis added)). In fact, the Fourth Circuit did not dismiss Alexander's claim for untimely filing his appeal and considered the appeal's merits,

precluding any claim for ineffective assistance of counsel on this basis. *See United States v. Alexander*, 795 F. App'x 220 (Mem.) (4th Cir. Feb. 28, 2020).

Counsel's decision not to pursue *coram nobis* relief also does not amount to ineffective assistance of counsel. Petitioner argues that *coram nobis* relief would have affected the Guidelines range for Petitioner's sentence because without his previous heroin conviction, Petitioner would have been ineligible for career offender status. *Coram nobis* is an extraordinary remedy that should be granted only "to correct errors of the most fundamental character where the circumstances are compelling to achieve justice." *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973).

Petitioner does not demonstrate how his circumstances were so extraordinary as to have demanded such relief nor can he show that counsel's performance prejudiced him on this basis. Indeed, at sentencing, this Court explained, "I want to make sure the record's clear that total and apart from any prior convictions you're not being treated as a prior offender here…you're being sentenced as if you were *not* a career offender." (May 23, 2018 Sentencing Tr. at 11:7-25, ECF No. 429 (emphasis added).) Affirming Petitioner's conviction on appeal, the Fourth Circuit noted that "[t]he district court assured Alexander that these prior convictions would not impact his sentence, given that the parties had agreed to a prison term of 108 months, well below the 155-to-188-month Sentencing Guidelines range produced by the career offender enhancement." *United States v. Alexander*, 795 F. App'x 220, 221 (Mem.) (4th Cir. Feb. 28, 2020). As a result, the Fourth Circuit found "the court was correct that, because Alexander entered into a Rule 11(c)(1)(C) agreement, he was bound by the parties' joint sentencing recommendation, regardless of the validity of the state offenses." *Id.*

Therefore, any *coram nobis* relief that may have been sought by counsel would not have affected Petitioner's sentence. Accordingly, Petitioner's ineffective assistance of counsel claim is without merit.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 443) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: June 11, 2020

                                                _____/s/_____
                                                Richard D. Bennett
                                                United States District Judge