IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal No.: RDB-16-364 |
| DION ALEXANDER, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On February 22, 2018, Defendant Dion Alexander ("Defendant" or "Alexander") pled guilty to Conspiracy to Distribute and Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 846. (ECF No. 319.) On May 23, 2018, this Court sentenced Alexander to a total term of 108 months' imprisonment with credit for time served in federal custody since August 24, 2016, and a supervised release term of three years. (ECF Nos. 375, 379.) Now pending is the Defendant's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 498), in which he seeks immediate release from custody. Alexander claims that his immediate release is warranted due to his medical conditions which he alleges place him at an increased risk of severe illness if he were to contract the COVID-19 virus. (ECF No. 498.) For the reasons that follow, the Defendant's Motion for Compassionate Release (ECF No. 498) is DENIED.

### BACKGROUND

On August 29, 2016, Defendant Alexander was charged along with thirteen other individuals in Count One and Count Eight of a Second Superseding Indictment with Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in

1

violation of 21 U.S.C. § 846 (Count One) and Possession with Intent to Distribute Heroin and Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Eight). (ECF No. 75.) On February 22, 2018, Alexander pled guilty to Count One of the Second Superseding Indictment pursuant to a Plea Agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (ECF Nos. 319, 320.)

The Plea Agreement included certain factual and guidelines stipulations. As to the facts, Alexander stipulated that from as early as February 2016, he conspired with others to obtain heroin and fentanyl, and to distribute those drugs in conjunction with others to customers in Baltimore City, Maryland. (ECF No. 320.) During the period of the conspiracy, the Drug Enforcement Administration ("DEA") obtained authority to intercept communications of Alexander, who was overheard arranging for the street-level and wholesale distribution of heroin from a drug shop that he controlled. (*Id.*)

With respect to the guidelines, Alexander stipulated to a base offense level of 30 due to the fact that the amount of drugs foreseeable to the Defendant as part of the conspiracy was more than one kilogram but less than three kilograms of heroin. (*Id.*) He agreed that he qualified as a career offender with a criminal history category of VI. (*Id.*) His offense level was accordingly 32. (*Id.*) The Government did not oppose a two-level reduction in the Defendant's adjusted offense level based on his apparent prompt recognition and affirmative acceptance of personal responsibility. (*Id.*) The Government also made a motion for an additional one-level decrease in recognition of Alexander's acceptance of personal responsibility. (*Id.*) In consideration of these factors, the parties agreed that a sentence of 108 months' imprisonment was appropriate in this case. (*Id.*)

The crime for which Alexander was sentenced in this case was not his first criminal offense. Alexander has four juvenile convictions, as well as six convictions as an adult. (ECF No. 376.) Those prior offenses include other convictions related to controlled substances. (*Id.*) In consideration of this criminal history and the circumstances of the crime of conviction, on May 23, 2018, this Court sentenced Alexander to a total term of 108 months' imprisonment with credit for time served in federal custody since August 24, 2016, and a supervised release term of three years. (ECF Nos. 375, 379.)

In early 2020, the COVID-19 pandemic began to spread throughout the United States. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020). On August 17, 2020, Alexander filed the presently pending *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 498), in which he seeks immediate release from custody due to his medical conditions which he alleges place him at a higher risk of severe illness from the COVID-19 virus. According to his Motion, Alexander is obese and a former smoker. (*Id.*) Alexander is currently housed at FCI Cumberland. There are no active infections of the COVID-19 virus at that facility at this time.[1] The Bureau of Prisons ("BOP") estimates that 607 inmates at FCI Cumberland have received a COVID-19 vaccine.[2]

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the

---

[1] Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last accessed June 25, 2021).
[2] Bureau of Prisons, *COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/ (last accessed June 25, 2021).

First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and a finding that a reduction in sentence is consistent with the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

In his Motion, Alexander asserts that he has properly exhausted his administrative remedies in this case, but does not allege any specific facts related to that exhaustion or provide any documentation of that exhaustion. It is unclear on this record whether this Court has jurisdiction over the Defendant's *pro se* Motion. However, even if this Court does have jurisdiction in this matter, Alexander has failed to allege extraordinary and compelling reasons for relief. Further, analysis under the sentencing factors under in 18 U.S.C. § 3553(a) reveals that he is not a suitable candidate for early release.

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C.

§ 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Additionally, the Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020). Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction. *See, e.g.*, *United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

In his Motion, Alexander asserts that he is entitled to compassionate release because he is obese and a former habitual cigarette and marijuana smoker. (ECF No. 498.) He contends that the COVID-19 pandemic is very dangerous to him due to these conditions and the general living conditions at his facility. (*Id.*) However, several district courts have held that obesity is not individually sufficient for a finding that there are circumstances akin to the

5

"extraordinary and compelling reasons" which justify compassionate release.³ *See, e.g.*, *United States v. Peaks*, No. 16-20460, 2020 WL 2214231 (E.D. Mich. May 7, 2020) (inmate with BMI of 44 and hypertension does not meet test for extraordinary and compelling circumstances). Similarly, several courts have concluded that "the mere assertion that a defendant is a former smoker is insufficient to merit release." *See Musa v. United States*, 502 F. Supp. 3d 803, 814 (S.D.N.Y. 2020) (citing *United States v. Elliott*, No. 17-cr-128 (ARR), 2020 WL 4381810, at *4 (E.D.N.Y. July 31, 2020) (collecting cases)).

Additionally, while the COVID-19 pandemic created an elevated risk for Defendant Alexander and others in BOP facilities, the rollout of three vaccines for COVID-19 (Pfizer, Moderna, and Johnson & Johnson), has lowered that risk in recent months. As Judge Hollander of this Court has noted, the BOP has been receiving vaccine shipments since December 16, 2020. *United States v. Graves*, No. ELH-18-17, 20201 WL 1909631, at *8-9 (D. Md. May 11, 2021) (citing Walter Pavlo, *Federal Bureau of Prisons Starts Vaccination of Staff, Inmates Soon Thereafter*, Forbes (Dec. 21, 2020), https://www.forbes.com/sites/walterpavlo/2020/12/21/federal-bureau-of-prisons-starts-vaccination-of-staff-inmates-soon-thereafter/?sh=5683b99aa96f). Since then, vaccination levels have increased: at FCI Cumberland, where the Defendant is imprisoned, the BOP reported as of June 25, 2021, 188 staff members and 607 inmates (out of 981 total inmates) have been inoculated with the vaccine.⁴ Additionally, rates of infection have decreased: there

---

³ Judges of this Court have found extraordinary and compelling reasons for release during the COVID-19 pandemic where the defendants were obese. *See, e.g.*, *United States v. Collins*, PWG-17-0649, 2020 WL 3960831, at *4 (D. Md. July 13, 2020). However, such decisions are not binding in the case at hand. Further, in *Collins*, Judge Grimm of this Court acknowledged that other courts had found obesity to be only one contributing factor to a finding of extraordinary and compelling circumstances and that obesity alone was insufficient for such a finding. *Id.* at *3 (collecting cases).

⁴ Staff who received their vaccination in the community rather than a BOP facility are not reflected in these figures. Bureau of Prisons, *COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/ (last accessed June 25, 2021).

are currently no cases of COVID-19 at FCI Cumberland.[5] This Court holds that due to Alexander's failure to allege any medical conditions known to place an individual in danger of severe illness with the COVID-19 virus and FCI Cumberland's falling COVID-19 infection figures and rising inoculation figures, he has not presented extraordinary and compelling reasons for relief.

Even if Alexander had shown proper exhaustion of administrative remedies and had presented extraordinary and compelling reasons allowing this Court to consider a modification of his sentence, consideration of the sentencing factors under 18 U.S.C. § 3553(a) reveals that he is nevertheless not a suitable candidate for early release. This Court must find extraordinary and compelling circumstances, *as well as* that the defendant would not pose "a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), and that a reduction in sentence is consistent with the sentencing factors provided in 18 U.S.C. § 3553(a) in order to grant such motion.

To determine whether a defendant poses a danger to the community, this Court must consider a number of factors, including (1) the nature and circumstances of the offense; (2) the weight of the evidence against him; (3) his history and characteristics; and (4) the nature and seriousness of the danger he would pose to others upon his release. *See* 18 U.S.C. § 3142(g). Analysis under 18 U.S.C. § 3553(a) involves consideration of some of the same factors. Under § 3553(a), the court considers (1) Alexander's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the

---

[5] Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last accessed June 25, 2021).

seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See United States v. Bryant*, Crim No. 95-202-CCB-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

Looking at each of these factors, this Court finds that a reduction in Alexander's sentence is inappropriate. As detailed above, Alexander has a significant criminal history. Most notably, he has at least two prior controlled substance-related convictions. Additionally, the nature and circumstances of Alexander's current criminal case, a conspiracy with thirteen other defendants to sell between one and three kilograms of heroin, are serious. Overall, the nature of the crime and Alexander's history of recidivism warranted the sentence initially imposed. A reduction at this time, when he has served only a little more than half of his sentence, would be inconsistent with the deterrent effect of the sentence.

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 29th Day of June, 2021, that Defendant Alexander's Motion for Compassionate Release (ECF No. 498) is DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge